FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   2014 JUL 14   PM 3: 37
JACKSONVILLE DIVISION

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ANA ESTEVEZ,

    Plaintiff,

CASE NO.: 3:14-CV-818-J-39JRK

-VS-

VISION FINANCIAL COLLECTION
SERVICES, CORP.

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in St. John's County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Rankin County, Mississippi.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and Florida Statute 559.55(2).

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. At all times material hereto, Defendant was and is a foreign corporation, authorized to conduct business and conducting business in Texas, with its principal office at 8325 Tuscany Way, Bldg. 4, Austin, TX 78754.

8. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5) and Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) 899-3633, and was the called party and recipient of Defendant's hereafter described calls.

11. On or about January 24, 2014, Plaintiff called Defendant regarding written communication received from Defendant stating their intent to collect an outstanding debt in the amount of approximately $300.00 owed to First Premier Bank.

12. On or about January 24, 2014, Plaintiff made payment arrangements with Defendant with regards to the above referenced alleged debt, authorizing specific payments to be withdrawn from provided Account information (hereafter the "Account").

13. From January 31, 2014 through February 7, 2014 Plaintiff made multiple on-time payments to Defendant pursuant to the aforementioned arrangements from the Account.

14. In or about February of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (904) 712-4615 and (866) 950-6550.

15. Upon information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

16. Immediately upon receipt of the calls, Plaintiff answered a call from and spoke with an agent/representative of the Defendant and demanded that they stop calling her.

17. Despite being asked by the Plaintiff not to call, the Defendant continued its barrage of phone calls in an attempt to collect a debt.

18. On or about February 20, 2014, Plaintiff contacted Defendant and spoke with Defendant's agent/representative "Angie," and canceled the aforementioned payment arrangements, stating that the Account did not have the funds to cover the future payments. Defendant's agent/representative "Angie" told Plaintiff that no funds will be withdrawn from the Account, and told Plaintiff to call Defendant when she had the funds to once again resume payments on the debt.

19. On or about February 21, 2014, Defendant charged Plaintiff's Account $57.50, and an additional $35.00 insufficient funds charge was applied by Plaintiff's bank, despite Plaintiff informing Defendant that she did not have the funds in the Account to cover the payment, and to cancel payments.

20. On or about February 28, 2014, Defendant again charged Plaintiff's Account $57.50, and again an additional $35.00 insufficient funds charge was applied by Plaintiff's bank, despite Plaintiff informing Defendant that she did not have the funds in the Account to cover the payment, and to cancel payments.

21. On or about March 7, 2014, Defendant again charged Plaintiff's Account $57.50, and again an additional $35.00 insufficient funds charge was applied by Plaintiff's bank, despite Plaintiff informing Defendant that she did not have the funds in the Account to cover the payment, and to cancel payments.

22. On or about March 10, 2014, Plaintiff contacted Defendant and spoke with another female agent/representative, and advised Defendant that they continued to charge the

Account despite previously being advised that there were not sufficient funds in the Account, and that they were to cancel all arranged payments. Defendant's agent/representative advised Plaintiff to fax to them the information regarding the charges along with Plaintiff's Account statements, and Defendant would credit the charges back to Plaintiffs Account.

23. On or about March 11, 2014, Defendant again charged Plaintiff's Account $57.50, and again an additional $35.00 insufficient funds charge was applied by Plaintiff's bank, despite Plaintiff informing Defendant that she did not have the funds in the Account to cover the payment, and to cancel payments.

24. On or about March 17, 2014, Plaintiff again contacted Defendant in an attempt to stop charges to the Account, and spoke with a supervisor "Daniel," who told Plaintiff that she was "irresponsible", that Defendant was going to continue to charge the Account no matter if Defendant actually receives payment or not, and that the insufficient fund charges on the Account are the Plaintiff's problem, not his.

25. Despite being repeatedly told to cancel all payment arrangements, again on or about March 21, 2014, Defendant charged Plaintiff's Account $57.50, and again an additional $35.00 insufficient funds charge was applied by Plaintiff's bank.

26. Immediately after the March 21, 2014 charge to the Account, Plaintiff contacted her bank regarding the repeated charges and fees incurred on the Account as a result of the Defendant's continued refusal to cease payments, and an immediate freeze was applied to the Account, and a fraud investigation opened by Plaintiff's bank.

27. Plaintiff contacted the Defendant regarding the repeated charges to the Account, and informed Defendant that they needed to replace the money that was removed without authorization, only to be told by an agent/representative of the Defendant that she was going to be placed on the "Refusing to Pay" list.

28. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

29. From February of 2014 through the filing of this Complaint, Plaintiff received over fifty (50) automated calls from the Defendant.

30. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

31. Upon information and belief, the telephone calls at issue were placed by Defendant using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

32. Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone numbers without the "prior express consent" of Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

33. Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

34. Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

35. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

37. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals telling the Defendant to stop contacting their cellular telephone number.

38. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

39. Defendant's corporate policy provided no means for the Plaintiff to have her aforementioned cellular telephone number removed from the call list.

40. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

41. Defendant followed its corporate policies when attempting to communicate with the Plaintiffs in connection with the debt at issue.

42. Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

43. Defendant has, or should be in possession and/or control of call logs, Account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff's aforementioned cellular telephone number over the relevant time period.

44. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

45. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## (Violation of the TCPA)

46. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

47. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## (Violation of the FDCPA)

48. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

49. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

50. Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

51. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

52. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(2) by using profane or abusive language when communicating with the Plaintiff.

7

53. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

54. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

55. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

56. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT II
### (Violation of the FCCPA)

57. Plaintiff incorporates Paragraphs one through twenty nine.

58. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

59. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

60. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

61. Defendant has violated Florida Statute §559.72(8) by using profane, obscene, vulgar or willfully abusive language in communicating the debtor or any member of her or his family.

62. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate, or some other legal right when such person knows that right does not exist.

63. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Florida Bar #: 0098228
**Morgan & Morgan, Tampa, P.A.**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
jestrada@forthepeople.com
Attorney for Plaintiff