UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANA ESTEVEZ,

     Plaintiff,

vs.                                     Case No. 3:14-cv-818-J-39JRK

VISION FINANCIAL COLLECTION
SERVICES, CORP.,

     Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court upon review of the parties' Joint Stipulation for Voluntary Dismissal With Prejudice, filed on June 10, 2015. (Doc. 21; Stipulation). Because this case has already been dismissed without prejudice, the Stipulation is a nullity.

On March 18, 2015, Plaintiff filed a Notice of Pending Settlement, advising the Court that the parties to this action have reached a settlement. (Doc. 19; Notice of Settlement). Plaintiff stated that the parties are "presently drafting and finalizing the settlement agreement and general release documents," and that upon execution of the documents, "the parties will file the appropriate dismissal documents with the Court." Id. In response to Plaintiff's Notice of Settlement, the Court, on March 20, 2015, entered an Order administratively closing the case and stating "[t]he parties shall have until **May 20, 2015**, to file a joint stipulated form of final order or judgment or move this Court upon good cause to reopen the case." (Doc. 20; Order). Importantly, the Court cautioned that "[i]f the parties have not so stipulated or moved the Court by the **May 20, 2015** deadline,

this case will be deemed dismissed without prejudice." Id. The May 20, 2015 deadline came and went without action by any of the parties. Three weeks later, the parties filed the Stipulation.

Because the parties failed to file stipulated dismissal papers or move for an extension to do so by May 20, 2015, as directed by the Court in its Order, that dismissal Order became a final judgment on May 20, 2015, dismissing this case without prejudice. See Hertz Corp. v. Alamo Rent–A–Car, Inc., 16 F.3d 1126, 1132-33 (11th Cir.1994) (holding that a district court's order of dismissal with prejudice, following untimely motion to alter final judgment dismissing without prejudice, was a nullity because the court lacked jurisdiction; prior order of dismissal of complaint with leave to amend became final when expiration date arrived and plaintiff had not filed an amended complaint or requested an extension to do so). Generally, "courts view such conditional dismissal orders as ripening of their own accord once the time period has lapsed without any effort by the plaintiff to satisfy the conditions." Domingues v. New Jersey Transit, No. CIV.A.00-5723 WHW, 2006 WL 2927617, at *2 (D.N.J. Oct. 11, 2006). Indeed, at least one Court of Appeals has addressed a conditional dismissal order, like the one at issue here, and has stated that "the order ripens into a final, appealable order upon the expiration of the fixed time period." Berke v. Bloch, 242 F.3d 131, 135 (3d Cir. 2001). The Order at issue here is clear and unambiguous; it says that the action will be deemed dismissed without prejudice after May 20 2015. Inasmuch as the parties did not move to extend the May 20, 2015 deadline, the Court's Order ripened on May 21, 2015, and the case was dismissed without prejudice as of that date. As such, the Court is without jurisdiction to accept the parties' Stipulation, which under these circumstances, is a nullity. See Hertz,

16 F.3d at 1133.

Accordingly, after due consideration, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 11th day of June, 2015.

_____
BRIAN J. DAVIS
United States District Judge

jl

Copies furnished to:

Counsel of Record